# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

ISAD COSOVIC                :
      Petitioner          :
                   :
    v.                 :        CIVIL NO. 4:CV-05-2088
                   :
                   :        (Judge McClure)
BUREAU OF IMMIGRATION AND  :
CUSTOMS ENFORCEMENT, ET AL.,  :
      Respondents     :

FILED
WILLIAMSPORT, PA

OCT 2 4 2005

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

## MEMORANDUM AND ORDER

October 24, 2005

### Background

    Isad Cosovic ("Petitioner"), a detainee of the Bureau of Immigration and

Customs Enforcement ("ICE") presently confined at the York County Prison, York,

Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241.  The required filing fee has been paid.  Named as Respondents are the ICE and

its Regional Field Office Director.

    Cosovic identifies himself as being a native of Albania.  Petitioner adds that he

was born "in the former Yugoslavia region that is presided over and serviced by the

Serbian/Montenegrin government."  Record document no. 1, p. 1.  His petition

acknowledges that a final order of deportation was entered against him on April 16, 2005. He adds that the Serbian/Montenegrin government will not issue him a travel document.

Cosovic's present action does not challenge the legality of his deportation but, rather, his continued detention pending removal. Petitioner states that he "has been lingering in detention for approximately thirteen months" and it is extremely unlikely that he will be deported within the reasonably forseeable future. Id. Consequently, Cosovic maintains that his prolonged detention in ICE custody while awaiting deportation violates his due process rights. He asks that this Court grant him supervised release.

Based on the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001), this Court will refer the petition to the ICE as a request for review under 8 C.F.R. §241.4.

**Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which

time detention is mandatory.[1]  At the conclusion of the ninety (90) day period, the alien

may be held in continued detention, or may be released under continued supervision.  8

U.S.C. §§1231(a)(3) & (6).

    In  Zadvydas, the United States Supreme Court addressed the issue of whether

§1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely

beyond the ninety (90) day removal period or only for a period reasonably necessary to

effectuate the alien's deportation.  Reasoning that the indefinite detention of aliens

"would raise serious constitutional concerns," the Court concluded that the statute

"limits an alien's post-removal-period detention to a period reasonably necessary to

bring about the alien's removal from the United States.  It does not permit indefinite

detention."  Zadvydas, 533 U.S. at 689.  Furthermore, "once removal is no longer

---

[1]  Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

    (i)   The date the order of removal becomes administratively final.

    (ii)   If the removal order is judicially reviewed and if the court orders a
stay of the removal of the alien, the date of the court's final order.

    (iii)   If the alien is detained or confined (except under an immigration
process), the date the alien is released from detention or confinement.  At
the conclusion of the 90 day period, the alien may be held in continued
detention, or may be released under continued supervision.  8 U.S.C.
§§1231(a)(3) & (6).

reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 701.

The Supreme Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. It stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. The Zadvydas holding was limited to removable aliens. In Clark v. Martinez, __ U.S. __, 125 S.Ct. 716, 727 (2005), the Supreme Court extended Zadvydas to two Mariel Cubans who had been deemed inadmissible to the United States. Thus, Cosovic is entitled to protection under Zadvydas regardless of whether he is a removable or an inadmissible alien.

In response to Zadvydas, the ICE adopted 8 C.F.R. §241.13. The regulation "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at §241.4 after the expiration of the removal period, where the alien has provided good reason to

4

believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. §241.13(a).  Specifically, an eligible alien may make a written request for release to the  ICE's Headquarters Post-order Detention Unit (HQPDU), "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien." 8 C.F.R. § 241.13(d)(1).

Within ten (10) business days of receipt of the request, the HQPDU must provide the alien a written response acknowledging receipt of his request and explaining the procedures that will be used to evaluate the request. 8 C.F.R.   § 241.13(e)(1).  The HQPDU may grant an interview to the alien if such an interview would "provide assistance in rendering a decision." 8 C.F.R. § 241.13 (e)(5).  The factors that the HQPDU must consider include:

> the history of the alien's efforts to comply with the order of removal, the
> history of the Service's efforts to remove aliens to the country in question
> or to third countries, including the ongoing nature of the Service's efforts
> to remove this alien and the alien's assistance with those efforts, the
> reasonably foreseeable results of those efforts, the views of the
> Department of State regarding the prospects for removal of aliens to the
> country or countries in question, and the receiving country's willingness
> to accept the alien into its territory.

5

8 C.F.R. § 241.13(f). The regulation further provides that the "HQPDU shall issue a written decision based on the administrative record, including any documentation provided by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. The HQPDU shall provide the decision to the alien, with a copy to counsel of record, by regular mail." 8 C.F.R. § 241.13(g).

Inasmuch as Cosovic has challenged his continued detention by filing a petition for a writ of habeas corpus under §2241, the Respondents are instructed, in accordance with the directive of the Attorney General, to treat, as of this date, the petition as a request for release under 8 C.F.R. §241.1.  See Zhang v. United Sates Attorney General, Civil No. 3:CV-02-336 slip op.  (M.D. Pa.  March 11, 2002) (Conaboy, J.); Singh v. INS, Civil No. 1:CV-01-1820, slip op. (M.D. Pa. Oct. 2, 2001)(Rambo, J.). The ICE shall respond to the request within thirty (30) days as mandated.  Having referred the matter to the ICE for disposition under existing review procedures, the petition will be dismissed without prejudice.  Consequently,

**IT IS HEREBY ORDERED**:

1.      The petition for writ of habeas corpus to the extent it challenges Cosovic's ongoing detention is construed as a request for release under 8 C.F.R. § 241.13. The ICE shall respond to the request as mandated under said

regulations.

2.    Petitioner's challenge to his ongoing detention, having been referred to the

ICE for disposition under its existing review procedures, is hereby

dismissed without prejudice.

3.    The Clerk of Court is directed to serve a copy of the petition and this

Order on the Respondents and the United States Attorney.

4.    The Clerk of Court is directed to close this case.


s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge